THE ATTORNEY GENERAL HAS RECEIVED YOUR REQUEST FOR AN OFFICIAL OPINION OR LETTER ASKING, IN EFFECT:
 IS A LAW WHICH SPECIFICALLY IDENTIFIES A PARCEL OR SECTION OF LAND BY LEGAL DESCRIPTION TO BE ANNEXED TO A SCHOOL DISTRICT BUT DOES NOT IDENTIFY THE SCHOOL DISTRICT A "SPECIAL" OR "LOCAL" LAW UNDER THE OKLAHOMA CONSTITUTION?
BECAUSE OF THE BRIEF DEADLINE WITH WHICH TO RESPOND TO YOUR REQUEST, ATTORNEY GENERAL HENRY HAS ASKED ME TO RESPOND TO YOUR REQUEST WITH AN INFORMAL LETTER. IN ORDER TO RESPOND TO YOUR QUESTION, IT IS FIRST NECESSARY TO DEFINE THE TERMS "SPECIAL" AND "LOCAL" LAW, AND THEN DETERMINE WHETHER THOSE DEFINITIONS ARE APPLICABLE TO THE PROPOSED LAW DESCRIBED IN YOUR QUESTION.
THE OKLAHOMA SUPREME COURT DEFINED THE TERM "LOCAL" LAW IN HAMILTON V. OKLAHOMA CITY, 527 P.2D 14 (OKL. 1974), HOLDING THAT A LAW WAS "LOCAL IF THE CLASSIFICATION WAS NOT BASED UPON SOME SUBSTANTIAL DIFFERENCES IN THE CIRCUMSTANCES BEARING A RATIONAL RELATION TO THE PURPOSE OF THE STATUTE." THE COURT FOUND THAT THERE MUST BE SOME DISTINCTIVE CHARACTERISTIC UPON WHICH A DIFFERENT TREATMENT MAY BE REASONABLY FOUNDED AND THAT FURNISHES A PRACTICAL AND REASONABLE BASIS FOR DISCRIMINATION.
THE OKLAHOMA SUPREME COURT DEFINED THE TERM "SPECIAL" LAW AS ONE WHICH RELATES TO PARTICULAR PERSONS OR THINGS OF A CLASS. THE COURT HAS STATED THAT SPECIAL LAWS ARE THOSE WHICH SINGLE OUT LESS THAN THE ENTIRE CLASS OF SIMILARLY AFFECTED PERSONS OR THINGS FOR DIFFERENT TREATMENT. REYNOLDS V. PORTER, 760 P.2D 816, (OKL. 1988).
BASED UPON THE DEFINITIONS GIVEN BY THE OKLAHOMA SUPREME COURT, THE PROPOSED LAW STATED IN YOUR QUESTION WOULD BE CONSIDERED A "LOCAL" OR "SPECIAL" LAW DUE TO ITS LIMITED APPLICATION. THE FACT THAT A LEGAL DESCRIPTION IS GIVEN TO THE LAND TO BE ANNEXED LIMITS THE APPLICATION OF THAT LAW TO A SPECIFIC SCHOOL DISTRICT RATHER THAN ANY SCHOOL DISTRICT WITHIN THE STATE OF OKLAHOMA. THEREFORE THE NATURE OF THE LAW BECOMES SPECIAL RATHER THAN GENERAL.
THE OKLAHOMA CONSTITUTION EXPRESSLY ADDRESSES THE ISSUE OF LOCAL AND SPECIAL LAWS IN ARTICLE V, SECTION 46/ARTICLE V, SECTION 59 PROVIDES:
 "LAWS OF A GENERAL NATURE SHALL HAVE A UNIFORM OPERATION THROUGHOUT THE STATE, AND WHERE A GENERAL LAW CAN BE MADE APPLICABLE, NO SPECIAL LAW SHALL BE ENACTED."
ARTICLE V, SECTION 46 PROVIDES:
 "THE LEGISLATURE SHALL NOT, EXCEPT AS OTHERWISE PROVIDED IN THIS CONSTITUTION, PASS ANY LOCAL OR SPECIAL LAW AUTHORIZING:
 REGULATING THE AFFAIRS OF COUNTIES, CITIES, TOWNS, WARDS, OR SCHOOL DISTRICTS;"
IN REYNOLDS V. PORTER, THE OKLAHOMA SUPREME COURT STATED THAT UNDER ARTICLE V, SECTION 59 A THREE-PRONGED INQUIRY IS NECESSARY TO DETERMINE WHETHER A STATUTE IS CONSTITUTIONAL. THE FIRST INQUIRY WHICH MUST BE ANSWERED IS WHETHER THE STATUTE IS A GENERAL OR SPECIAL LAW. BASED UPON THE DEFINITIONS SET FORTH BY THE COURT, IT IS EASILY DETERMINABLE THAT YOUR PROPOSED STATUTE IS A SPECIAL LAW.
THE SECOND PRONG ADDRESSED BY THE COURT IN REYNOLDS CONSIDERS THE QUESTION, IF THE STATUTE IS A SPECIAL LAW, IS A GENERAL LAW APPLICABLE? BECAUSE THE STATUTE PROPOSED IN YOUR QUESTION REQUIRES THAT THE PARCEL OF LAND TO BE ANNEXED BE IDENTIFIED BY A LEGAL DESCRIPTION, A GENERAL LAW WOULD NOT BE APPLICABLE IN THAT IT WOULD HAVE TO BE APPLICABLE TO ALL SCHOOL DISTRICTS. THE STATUTE WHICH YOU PROPOSE WOULD ONLY BE APPLICABLE TO A CERTAIN SCHOOL DISTRICT.
UNDER THE FINAL PRONG IT MUST BE DETERMINED WHETHER THE STATUTE IS PERMISSIBLE SPECIAL LAW, IF A GENERAL LAW IS NOT APPLICABLE. IN REYNOLDS, THE OKLAHOMA SUPREME COURT HELD THAT IF THE SPECIAL LEGISLATION WAS REASONABLY AND SUBSTANTIALLY RELATED TO A VALID LEGISLATIVE OBJECTIVE, THEN ARTICLE V, SECTION 59 OF THE OKLAHOMA CONSTITUTION WOULD PERMIT THE LEGISLATURE TO PASS THE SPECIAL LAW TO PROMOTE ITS OBJECTIVE.
THE ISSUE OF WHETHER SPECIAL LEGISLATION WHICH INVOLVES THE ANNEXATION OF A SCHOOL DISTRICT IS REASONABLY RELATED TO A VALID LEGISLATIVE OBJECTIVE WAS CONFRONTED BY THE EIGHTH CIRCUIT COURT OF APPEALS. THE CASE OF ST. LOUIS-SAN FRANCISCO RY. CO. V. BLEDSOE, 7 F.2D 364 (8TH CIR. 1925), ADDRESSED THE APPLICATION OF ARTICLE V, 59 OF THE OKLAHOMA CONSTITUTION TO A STATUTE WHICH INVOLVED THE ANNEXATION OF TWO SCHOOL DISTRICTS WHICH WERE SPECIFICALLY IDENTIFIED. IN ST. LOUIS-SAN FRANCISCO, THE EIGHTH CIRCUIT HELD THAT AN OKLAHOMA STATUTE PROVIDING FOR ANNEXATION OF A FT. SILL SCHOOL DISTRICT TO THE LAWTON SCHOOL DISTRICT WAS A LOCAL AND SPECIAL LAW WHICH WAS IN VIOLATION OF THE OKLAHOMA CONSTITUTION. THE COURT STATED THAT IT COULD FIND NO VALID REASON FOR CREATING A SPECIAL STATUTE APPLICABLE TO ONLY TWO SCHOOL DISTRICTS.
ALTHOUGH THE STATUTE PROPOSED IN YOUR REQUEST DOES NOT SPECIFICALLY NAME THE SCHOOL DISTRICT, THE STATUTE IDENTIFIES IT MERELY BY IDENTIFYING THE LAND TO BE ANNEXED TO THE SCHOOL DISTRICT. THERE IS NO RATIONAL BASIS FOR SEPARATING ONE SCHOOL DISTRICT FROM THE WHOLE CLASS OF SCHOOL DISTRICTS. THEREFORE, WE CONCLUDE THAT STATUTE AS PROPOSED IN YOUR REQUEST WOULD BE FOUND UNCONSTITUTIONAL.
(JULIE JONES CORLEY)